**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luz Divina Baltazar, | No. CV-13-594-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Forward Air Solutions, Inc., a Tennessee company, d/b/a Forward Air, Inc., in Arizona; Dennis J. Torres and Jane Does Torres, husband and wife, | |
| Defendants. | |

This case comes before the Court on the parties' Second Stipulated Motion to Continue Expert Disclosure Deadlines, requesting an extension of the staggered expert disclosure deadlines for a period of thirty days due to the "significant difficulty locating necessary witnesses and scheduling out-of-state depositions essential for the parties' experts to prepare their respective reports."[1] (Doc. 24 at 1-2)

**I. Background**

This is a diversity, personal injury action, arising out of a motor vehicle accident in Mohave County, Arizona on U.S. Hwy 93, on or near Burro Creek Bridge, on December 4, 2011. The lawsuit was initially filed on February 16, 2013, in the Maricopa County Superior

---

[1] The parties' initial Stipulated Motion to Continue Expert Disclosure Deadlines, doc. 22, was stricken without prejudice as a sanction for violating civil Local Rule ("LRCiv") because it was not properly filed in text-searchable format per LRCiv 7.1(c), 5.5(b), and definition of ".pdf," in the District Court's ECF Manual. (Doc. 23)

1  Court, and removed to this District Court on March 22, 2013. (Doc. 1) The Complaint alleges
2  Plaintiff sustained serious injuries when, after she was involved in a two-vehicle accident and
3  exited her vehicle to determine if other motorists were injured, Plaintiff was struck by a
4  commercial vehicle driven by Defendant Dennis Torres and operated by Defendant Forward
5  Air. (*Id*. at 14-18)

6  Defendants deny liability, admit that Defendant Forward Air Solutions is responsible
7  for the conduct of Defendant Dennis Torres as it relates to the operation of the commercial
8  motor vehicle described in Plaintiff's Complaint, and allege numerous affirmative defenses.
9  (Doc. 5, ¶ 6 at 2, ¶¶ 27-35 at 4-6)

10 Pursuant to the July 19, 2013 Scheduling Order, Plaintiff's expert witness disclosures
11 are currently due on December 27, 2013, Defendants' expert disclosures are due by January
12 31, 2014, and Plaintiff's rebuttal expert disclosures are due by February 28, 2014. (Doc. 18,
13 at 4) All discovery in this case must be completed by April 30, 2014.

14 In addition to other case management deadlines, the Scheduling Order makes clear
15 that "[t]hese deadlines are **real**, **firm**, and, consistent with the undersigned's responsibilities
16 mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq*., **will**
17 **not be altered** except only upon a showing of good cause and by leave of the assigned trial
18 judge." (*Id.* at 3) (emphasis in original and footnote omitted).

19 In their joint motion, counsel indicate that the passenger riding in Plaintiff's vehicle
20 has left the United States and returned to his home in Mexico. "Only recently have the parties
21 learned of his new residence[,]" requiring the "likely need to travel to Mexico, or arrange for
22 his return to the United States, to take his deposition." (Doc. 24 at 2) Other eye witnesses
23 have also moved since the collision, and "[o]nly after considerable time and effort," have
24 counsel learned of their new residence[s] and are attempting to set their depositions." (*Id.*)
25 The motion indicates these individuals have avoided Plaintiff's communication efforts and
26 more time is needed "to command their appearance for a deposition through a Subpoena."
27 (*Id.*) Counsel also represent that Plaintiff resides in Utah and Defendant, Dennis Torres,
28 resides in Nevada, and they "are working cooperatively to schedule out-of-state depositions

for each of these individuals." (*Id.*)

## II. Good Cause and Federal Rule of Civil Procedure 16(b)(4)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a case management "[s]chedule may be modified only for good cause and with the judge's consent." *See also Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 607-08. A district court may modify the pretrial schedule "if it cannot reasonably be met despite diligence of the party seeking the extension." *Id.* at 608; *see also* Fed.R.Civ.P. 16 Advisory Committee's Notes (1983 amendment). In the context of a request to modify a scheduling order, "good cause" means the scheduling order's deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609 (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (citation and internal quotation marks omitted).

Federal courts in Arizona and within the Ninth Circuit "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]" *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (quoting *Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), adopted by, 2012 WL 218959, at *1 (E.D.Cal. Jan. 23, 2012)). Under this three-step inquiry:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [ ]he was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that h[is] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding h[is] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [ ]he was diligent in seeking amendment of the Rule 16

1
order, once it became apparent that [ ]he could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)) (other citations omitted). "The diligence obligation is ongoing." *Id*. "Parties must diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Id*. (quoting *Trejo v. City of Shafter*, 2011 WL 6130894, at *1 (E.D. Cal. Dec. 8, 2011) (citations and internal quotation marks omitted).

**III. Discussion**

The docket reflects no discovery has been disclosed or requested since September 18, 2013, doc. 20, and counsels' motion is long on conclusions and short on details of the diligence actually exercised, described as "considerable time and effort," to locate the current residences of several witnesses who have moved since the December 4, 2011 motor vehicle accident. Nevertheless, good cause exists to grant the motion because it was not reasonably foreseeable or anticipated at the time of the Rule 16 scheduling conference that several witnesses would or did change their residences, creating a challenge to find them nearly two years after the collision. It is also reasonable to extend the liability expert disclosures so that cooperating witnesses may be located and interviewed and/or unwilling witnesses deposed soon and the witnesses' information provided to the parties' liability experts before the deadlines for expert disclosures. The Court also notes that the extensions are mutual, no party objects to, or is prejudiced by, the requested extensions, and granting the expert disclosure extensions does not adversely impact the firm April 30, 2014 discovery completion deadline.

Counsel are again forewarned that the April 30, 2014 discovery completion and other deadlines will not likely be extended and, therefore, they should plan their litigation activities accordingly.

Based on the foregoing,

**IT IS ORDERED** that the parties' Second Stipulated Motion to Continue Expert Disclosure Deadlines, doc. 24, is **GRANTED**. Plaintiff's expert disclosure deadline is hereby extended to **Friday, January 31, 2014.** Defendants' expert disclosure deadline is

- 4 -

1  hereby extended to **Friday, February 28, 2014.** Plaintiff's rebuttal expert disclosure
2  deadline is hereby extended to **Friday, March 28, 2014.**

3      **IT IS FURTHER ORDERED** affirming all other deadlines in the Court's July 19,
4  2013 Scheduling Order, doc. 18.

5      Dated this 4th day of December, 2013.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge